Pee GueiaM:
A call upon an Executive Department under Eevised Statutes, section 1076, is of tbe nature of a writ of subpoena duces tecum, and can not be turned into a bill of discovery. (Elting’s Case, 27 C. Cls. E., 158.) Generally, everything that can be procured as evidence from an Executive Department is a matter of record, and tbe call must seek copies of tbe record, and with sufficient particularity to enable an intelligent clerk in .the ordinary discharge of bis duty to find tbe record and copy it. Tbe responsibility of determining what is relevant, or of finding documentary matter not-specifically called for, can not be thrown on tbe officers of a department. Tbe evidence called for must also appear on tbe face of tbe call to be relevant, material, and competent. (Woolverton’s Case, 26 C. Cls. R., 215.)
Neither will tbe court issue a call on an Executive Department for evidence wbicb presumptively is in tbe possession of *355 tbe claimant; ex.gr., for copies of letters sent by tbe defendants’ officers to tbe claimant; for contracts in duplicate, one of wbicb was retained by tbe claimant. Sucb documentary evidence as a plaintiff can bimself produce, and wbicb in an ordinary action at law or a suit in equity be would 'produce on bis own bebalf as a matter of course, tbe claimant bere can not compel tbe defendants to produce through calls upon tbe departments.